[Civ. No. 2003. Second Appellate District.—September 11, 1916.]

## W. B. MERWIN, Appellant, v. ROSALIA B. SHAFFNER, Respondent.

BROKER'S COMMISSIONS — PROCURING LESSEES FOR REAL PROPERTY — PLEADING—SUFFICIENCY OF COMPLAINT.—In an action to recover commissions alleged to have been earned by procuring a lessee for real property, the complaint states a cause of action, where it is alleged that the defendant made and delivered to the plaintiff an instrument in writing by the terms of which the defendant agreed to pay plaintiff a commission if he procured a lease upon the terms specified in the writing, or other terms acceptable to the defendant, and that plaintiff did procure persons and produced them to defendant who were ready, able, and willing to enter into a lease upon terms which by the written acknowledgment of defendant were acceptable, but that defendant thereafter refused, and continues to refuse, to enter into any lease with such proposed lessees and disclaimed and repudiated any liability to plaintiff for commissions.

ID.—COMMISSIONS—WHEN EARNED.—Where the agreement to pay commissions upon the sale or leasing of real estate is in writing, the agent, as a condition to the earning of his commissions, need only produce to his principal persons who are ready, able, and willing to contract according to the terms proposed or acceptable to such principal.

ID.—OFFER TO LEASE—TIME OF COMMENCEMENT.—An offer in writing to lease real property is not invalid by reason of the failure to specify any time for the commencement of the lease, as it is implied that the term will commence upon the making thereof.

ID.—REPUDIATION OF LIABILITY TO PAY COMMISSION—RIGHT OF AGENT. Where a writing authorizing the procuring of a lessee for real property provides for the time of the payment of the commission "along during the first year," and the liability to pay the commission is repudiated after the rendition of all of the consideration required of the agent, he may sue to recover the amount of such commission.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Benjamin E. Page, Arthur C. Hurt, and Arthur F. Coe, for Appellant.

Denis & Loewenthal, and George W. McDill, for Respondent.

JAMES, J.—Plaintiff brought this action to recover commissions alleged to have been earned by procuring a lessee for real property owned by the defendant. A general demurrer to the complaint was sustained without leave to amend. A judgment of dismissal followed, from which this appeal was taken.

In the complaint it was alleged that on or about the twenty-second day of January, 1913, the defendant made and delivered to the plaintiff the following instrument in writing:

"Los Angeles, Cal. Jan. 22nd, 1913.

"W. B. Merwin,
    "424 H. W. Hellman Bldg.,
        "Los Angeles, Cal.

"Dear Sir:

"You are hereby authorized to find a lessee for my property at (611 West 6th street), the east 40 feet of the west 85 feet of lots 1 and 2, block 102, Belleview Terrace Tract, for the term of 99 years, at the annual net rental of $3000.00, payable monthly in advance for the first ten years, and an annual net rental of $4800.00 for the remainder of the 99 years term, payable monthly. Should you secure a lessee acceptable to me on the above terms, or terms acceptable to me, I agree to pay you a commission $2500, payable along during the 1st year. This is exclusively good to you for 60 days from date.

"A building not to cost less than $40,000 to $50,000 on or before 10 years from date of lease, to be built upon the property.                     Yours respectfully,
                    "ROSALIA B. SHAFFNER."

It was then alleged that pursuant to the authority given by this writing the plaintiff procured three individuals to make an offer to lease the property described, the offer being submitted in the following form:

"Los Angeles, Jan. 24, 1913.

"W. B. Merwin & Co.,
    "H. W. Hellman Building,
        "Los Angeles, California.

"Gentlemen:

"On behalf of myself, Mr. Jeff P. Chandler and Mr. Leo S. Chandler, I hereby make you the following proposition: We will lease, for a period of ninety-nine years, the Mrs. R. B.

Shaffner lot, having a frontage of forty (40) feet and a depth of one hundred twenty (120) feet on the north side of Sixth street, eighty (80) feet west of Grand avenue, in this city, at the following rentals, viz.:

"At the rate of $3,000 per year for the first year.

"At the rate of $2400 per year for the next five years.

"At the rate of $3000 per year for the next four years.

"At the rate of $3600 per year for the next five years.

"At the rate of $4200 per year for the next five years.

"At the rate of $5000 per year for the last twenty-nine years.

"All rentals payable monthly in advance.

"We will agree to build a building upon the property costing not less than $40,000 within ten years, and we will pay all taxes and assessments of every kind that may be levied against or become a lien upon the property during the life of our lease.                    Yours truly,

"SHIRLEY C. WARD."

The allegation then follows that the plaintiff communicated the offer last set out to the defendant, and that the defendant thereupon made the following indorsement upon the paper containing the offer:

"Los Angeles, Calif., January 25, 1913.

"Messrs. W. B. Merwin & Co.,

"Los Angeles, Calif.

"Dear Sirs:

"I hereby accept the terms and conditions of the above agreement.          ROSALIA B. SHAFFNER."

It was then alleged that the persons mentioned in the offer, of which acceptance was made by defendant, were and continued to be ready, able, and willing to execute a lease upon the property, and that they did within sixty days from the 22d of January, 1913, communicate to defendant their readiness to execute the lease and offered to so execute it, but that defendant refused and continues to refuse to enter into any lease with such proposed lessees, and disclaimed and repudiated any liability to plaintiff for commissions.

We think the demurrer to this complaint was improperly sustained. The defendant agreed in writing to pay to the plaintiff a commission if he procured a lease upon the terms specified by her or other terms acceptable to her. He did

procure persons and produced them to her who were ready, able, and willing, according to the allegations of his complaint, to enter into a lease upon terms which by the written acknowledgment of the defendant were acceptable to her. Considering the allegations of the complaint, no ground appears to excuse the defendant from entering into the lease as proposed and accepted, and the plaintiff having done all that it was conditioned he should do, appears to have fully earned the commission agreed to be paid. The fact that in the offer of Ward and his associates to make a lease no time was specified for the commencement thereof, was not a defect fatal to the validity of the offer. There being no condition specified in the offer as to any different time for the commencement of the lease, it would be implied that the term was to commence upon the making thereof. It has often been held that where the agreement to pay commissions upon the sale or leasing of real estate is in writing, the agent, as a condition to the earning of his commissions, need only produce to his principal persons who are ready, able, and willing to contract according to the terms proposed or acceptable to such principal. In the first instrument signed by the defendant the time for the payment of the commission was stated to be "along during the first year." As it appears in the allegations of the complaint that the defendant refused to enter into any lease at all, but repudiated her liability to pay commission, the well-established rule would apply which permits the other party to the contract in such a case, after having rendered fully all of the consideration to be by him rendered, to sue to recover the amount agreed to be paid. As we view the complaint, it stated a good cause of action and was not subject to the objection raised by the demurrer.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 10, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 9, 1916.